FILED
3/29/18 8:01 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUTPCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 16-23901-GLT |
| | : | Chapter 7 |
| **MAYA RESTAURANTS, INC.,** | : | |
| | : | |
| *Debtor.* | : | |
| | : | |
| | : | |
| **ROSEMARY C. CRAWFORD,** | : | Related to Dkt. No. 166 |
| | : | |
| *Movant,* | : | |
| | : | |
| v. | : | |
| | : | |
| **PRASAD MARGABANDHU,** *et al.,* | : | |
| | : | |
| *Respondents.* | : | |
| | : | |

## ORDER

This matter came before the Court upon the *Trustee's Motion to Compel and for Sanctions* [Dkt. No. 166] filed in response to a criminal complaint issued against the chapter 7 trustee by the Debtor's principal, Prasad Margabandhu (a/k/a Prasad Bandhu), with the City of McKeesport Police Department.  Mr. Margabandhu filed a response [Dkt. No. 169].  After an expedited hearing on February 1, 2018 and for the reasons stated in the Court's *Memorandum Opinion* of this same date, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1.    The Motion is **GRANTED** in part and **DENIED** in part.

2.    To the extent the Motion seeks relief involving the McKeesport Police Department, Officer Shelley L. Gould, and Magisterial District Judge Eugene F. Riazzi, it is **DENIED** as moot.  Pursuant to the statements made on the record, the criminal complaint against Trustee Crawford has been dismissed.

3. To the extent the Motion seeks an award of sanctions against Mr. Margabandhu, it is **GRANTED**. The Court finds that Mr. Margabandhu's conduct, by failing to provide material information to the McKeesport Police Department and pursuing criminal charges long after he was advised of the trustee's authority, constitutes bad faith and a violation of his duties imposed under the Bankruptcy Code. Accordingly, Mr. Margabandhu shall reimburse all parties who have incurred unnecessary time and expense as a result of his unwarranted actions including Trustee Crawford, Attorney Popojas (her personal attorney), and the United States Trustee (together, the "Affected Parties").

4. No later than twenty (20) days following the entry of this order, each of the Affected Parties shall file and serve a statement itemizing the attorneys' fees, costs, and any other expenses they incurred related to the police report initiated by Mr. Margabandhu or the prosecution of the Motion. Upon reviewing each statement, the Court shall award reasonable and appropriate fees and expenses to the Affected Parties, and shall enter a judgment for those fees and expenses in favor of the Affected Parties and jointly and severally against Maya and Mr. Margabandhu.

5. As a further sanction, Mr. Margabandhu shall make a payment of $500.00 to the Clerk of this Court within 21 days of this Order. The payment required in this paragraph represents the expense of the Court's personnel related to the February 1, 2018 hearing and subsequent proceeding.

6. Trustee Crawford shall serve a copy of this Order upon each of the Respondents and file a certificate of service within three business days.

Dated: March 29, 2018

GREGORY L. TADDONIO **cgt**
UNITED STATES BANKRUTPCY JUDGE

2

Case administrator to mail to:
Debtor
Debtor's counsel
Prasad Margabandhu
Rosemary C. Crawford, Esq.
Dennis Popojas, Esq.
Office of the U.S. Trustee