**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | **Case No. 16-23901-GLT** |
| | : | |
| **Maya Restaurants, Inc.,** | : | |
| | : | **Chapter 7** |
| Debtor | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **James R. Walsh, Esquire, Trustee of the** | : | |
| **Bankruptcy Estate of** | : | |
| **Maya Restaurants, Inc.,** | : | **Doc. No. ___** |
| | : | |
| **Movant** | : | |
| | : | |
| **v.** | : | **Hearing Date & Time:** |
| | : | **June 28, 2018 at 10:00 a.m.** |
| **Maya Restaurants, Inc.; Festival Fun** | : | |
| **Parks, LLC; County of Allegheny;** | : | |
| **Pittsburgh Water & Sewer Authority;** | : | |
| **City of Pittsburgh; School District of** | : | |
| **Pittsburgh; McKeesport Area School** | : | |
| **District; and City of McKeesport,** | : | |
| | : | |
| **Respondents** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF THIRD**
**PARTY INTERESTS, LIENS, CLAIMS, CHARGES AND/OR ENCUMBRANCES**
**PURSUANT TO 11 U.S.C. §§ 363(b) AND (f)**

**COMES NOW** the Trustee, James R. Walsh, Esquire, by and through his counsel, Spence, Custer, Saylor, Wolfe & Rose, LLC, and does file the within Motion, upon a cause whereof the following is a statement, to wit:

1.      The Debtor, Maya Restaurants, Inc., is a Pennsylvania business corporation that commenced the instant case by filing a voluntary petition for relief pursuant to the provisions of Chapter 11 of Title 11 of the U.S. Code, 11 U.S.C. § 101, et seq., on October 18, 2016.

2.      By Order of Court dated September 29, 2017, the case was converted to a case under Chapter 7.

3.      The United States Trustee appointed Rosemary C. Crawford as Interim Trustee pursuant to 11 U.S.C. § 701 of the Code.

4.      The said Rosemary C. Crawford conducted the Section 341 meeting and served as Chapter 7 Trustee pursuant to Section 702(d) of the Code.

5.      The said Rosemary C. Crawford resigned as the Chapter 7 Trustee on April 6, 2018.

6.      The United States Trustee appointed James R. Walsh as successor trustee pursuant to 11 U.S.C. § 703 of the Code on April 6, 2018.

7.      The said James R. Walsh serves as Chapter 7 Trustee pursuant to Section 702(d) of the Code.

8.      This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

9.      The Trustee/Movant, James R. Walsh, Esquire, Trustee of the Bankruptcy Estate of Maya Restaurants, Inc. (the "Trustee"), is the Chapter 7 Trustee of said Bankruptcy Estate, and has a mailing address of Spence, Custer, Saylor, Wolfe & Rose, LLC, 1067 Menoher Boulevard, Johnstown, PA 15905.

10.     The Debtor/Respondent, Maya Restaurants, Inc. ("Debtor") is a Pennsylvania business corporation with a mailing address at the time of filing of 327 Boggs Ave., Suite 1, Pittsburgh, PA 15211, with additional notice to 2972 Trafford Road, Murrysville, PA 15668, with notice to counsel, David L. Fuchs, Esquire, Law Offices of Robert O. Lampl, 223 Fourth Avenue, 4th Floor, Pittsburgh, PA 15222 and with additional notice to Jeffrey T. Morris, Esquire, Elliot & Davis PC, 425 First Avenue, First Floor, Pittsburgh, PA 15219.

11.     Respondent, Festival Fun Parks, LLC ("Festival Fun Parks"), is a Delaware limited liability company having an address of 4590 Macarthur Boulevard, Suite 400, Newport Beach, CA 92660 with notice to counsel, Clark Hill PLC, Attention: William C. Price, Esquire, One Oxford Centre, 301 Grant Street, 14th Floor, Pittsburgh, PA 15219.

12.     Respondent, County of Allegheny ("Allegheny"), is an entity having an address of Office of the County Manager, Attention: William D. McKain, CPA, Courthouse, 436 Grant Street, Room 119, Pittsburgh, PA 15219 with notice to counsel, Jeffrey R. Hunt, Esquire, Goehring, Rutter & Boehm, 437 Grant Street, 14th Floor, Pittsburgh, PA 15219.

13.     Respondent, Pittsburgh Water & Sewer Authority ("Authority"), is an entity having an address of Attention: Paul Leger, Chairperson, 1200 Penn Avenue, Pittsburgh, PA 15222 with notice to counsel, Jeffrey R. Hunt, Esquire, Goehring, Rutter & Boehm, 437 Grant Street, 14th Floor, Pittsburgh, PA 15219.

14.     Respondent, City of Pittsburgh ("City"), is an entity having an address in care of Jeffrey R. Hunt, Esquire, Goehring, Rutter & Boehm, 437 Grant Street, 14th Floor, Pittsburgh, PA 15219.

15.     Respondent, School District of Pittsburgh ("School"), is an entity having an address of Attention: Anthony Hamlet, Ed.D, Superintendent, 341 S. Bellefield Avenue,

Pittsburgh, PA 15213 with notice to counsel, Jeffrey R. Hunt, Esquire, Goehring, Rutter & Boehm, 437 Grant Street, 14th Floor, Pittsburgh, PA 15219.

16.     Respondent McKeesport Area School District ("McKeesport Area S.D.") is a public school district having an address of Attention: Dr. Mark P. Holtzman, Jr., Superintendent, 3590 O'Neil Boulevard, McKeesport, PA 15132 with notice to counsel, Attention: Gary J. Matta, Esquire, Dodaro, Matta & Cambest Attorneys at Law, 1500 Ardmore Boulevard, Suite 409, Pittsburgh, PA 15221.

17.     Respondent City of McKeesport ("McKeesport") is an entity having a mailing address of Attention: Richard Dellapenna, Council President, 500 Fifth Avenue, McKeesport, PA 15132.

18.     Among the assets of the estate is improved real estate situated in Allegheny County, Pennsylvania known as 623 Long Run Road, McKeesport, PA 15132, identified by Tax Map Numbers 554-E-225 and 554-E-233, which is more fully described in the deed of record in the Allegheny County Recorder of Deed's Office at Book DE, Volume 15627, Page 442, and Instrument Number 2014-14938 (the "Property").

19.     The Property contains a building, which, prior to purchase by the Debtor, was used as a restaurant.

20.     The Trustee's investigation into this matter reveals that the following parties had liens of record against the Property as of the commencement of the above-captioned case:

| Name of Lienholder | Nature of Lien |
|---|---|
| Festival Fun Parks, LLC | Mortgage and Security Agreement dated June 6, 2014 with a face value of $50,000.00 and balance as of the filing of the petition for relief of $67,598.52 |
| County of Allegheny | Real estate tax lien for the 2015, 2016, and 2017 tax years in the amount of, as of the filing of the petition for relief, $4,120.43 |
| Pittsburgh Water & Sewer Authority | Municipal lien for sewage charges in the amount of, as of the filing of the petition for relief, $1,947.58 |
| City of Pittsburgh and School District of Pittsburgh | Real estate tax lien for the 2017 tax year in the amount of, as of the filing of the petition for relief, $1,530.45 |

21.     The Trustee is bringing forth the within sale without the assistance of a realtor.

22.     The Trustee had received an offer to purchase the estate's interest in the Property for $100,000.00 from Donato Pasquarelli.  Attached hereto and marked as Exhibit "A" is a copy of the Agreement of Sale.  Mr. Pasquarelli has no relation to the Trustee, his counsel or any person party to the underlying bankruptcy case.

23.    Festival Fun Parks, through counsel, consented to the Trustee bringing forth the within sale subject to Bankruptcy Court approval satisfying the requirements of 11 U.S.C. §363(f).  Festival Fun Parks' assent to the within sale is conditioned upon this Court's approval of a Motion to Approve Settlement pursuant to Fed. R. Bankr. P. Rule 9019 filed contemporaneously with or within the near future of the filing of the within sale motion which will propose to resolve and settle any and all claims of the Estate raised in the matter of Maya Restaurants, Inc. v. Festival Fun Parks, LLC filed at Case Nos. GD-16-000778 and GD-000821 consolidated at Case No. GD-16-000778 in the Court of Common Pleas of Allegheny County, Pennsylvania.

24.    The Trustee believes and therefore avers that the best interests of the estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §§ 363(b) and (f), authorizing the sale of the Property, free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to those of all parties named as Respondent(s) hereto, including but not limited to the statutory liens and security interests of the Respondent(s) hereto as set forth above.  The Trustee notes with the proposed settlement with Festival Fun Parks that it is anticipated that the sale will result in all administrative and unsecured claims being paid in full.

25.    To assure that the sale is a sale for the market value of the Property, higher and better offers for said Property will be accepted at the time of the hearing on the sale of said Property.

26.    The Trustee believes and therefore avers that the aforesaid method of sale is fair and reasonable, and in the best interest of this estate, and that a higher and better price would not be obtained through continued marketing of the Property.

27.    The Trustee believes and therefore avers that the buyers to be solicited at the sale will be good faith buyers, entitled to all of the protections and benefits accorded such buyers pursuant to 11 U.S.C. § 363(m).  In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d. Cir. 1986).

28.    The Property will be sold free and clear of all liens, security interests, claims, charges, interests, and all encumbrances of any kind or nature whatsoever (excepting only easements and rights-of-way, as well as restrictions, exceptions, reservations, and covenants of record and/or as an inspection of the premises would disclose), all of which shall be divested from the Property and attach to the proceeds of the sale, in the order of their priority, to the extent they may be determined to be valid liens.

29.    The sale of the Property shall be a sale in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, **including but not limited to implied warranties of merchantability and/or fitness for a particular purpose (if applicable),** and the participation of the purchaser in the sale process shall constitute an agreement and representation that the buyer has inspected the Property, and is purchasing the

same solely on the basis of such inspection, and not as the result of any representation of any kind whatsoever by the Estate/Trustee, or its/their agents, except as specifically set forth herein.

30.     The successful buyer shall be required to make a nonrefundable deposit in the amount of twenty percent (20%) of the Court approved sale price at the time of the approval of the sale by this Court, with the balance to be paid at closing, which shall occur no later than thirty (30) days from the date the Order of Sale becomes final, with all such payments to be via cash, certified check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel, **TIME BEING OF THE ESSENCE**.

31.     Possession shall be delivered at closing, which shall occur within said time frame at a mutually agreeable time at the offices of James R. Walsh, Esquire, Spence, Custer, Saylor, Wolfe and Rose, LLC, 1067 Menoher Boulevard, Johnstown, Pennsylvania 15905, or such other location as may be agreed upon by the parties.

32.     Title shall be conveyed by Trustee's Quitclaim Deed, and the Trustee is, pursuant to 11 U.S.C. §§ 363(b) and (f), specifically authorized to convey the Property, together with related rights of way, restrictions and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the Property.

33.     The purchaser shall be deemed to have released any and all claims against the Estate/Trustee, or either of them, or that they may have, or that they may hereafter acquire against them or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statute(s) arising out of conditions in, on, or about the premises.

34.     The Trustee has not promised, nor has he been promised, any consideration for the sale proposed herein, except as set forth herein.

35.     The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

36.     In the event of the failure of the purchaser to close within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in his sole and exclusive discretion, may accord to the purchaser), for other than the inability/refusal of the Trustee to close, the Trustee may, at his option, declare a default, retain the deposit for the benefit of the estate, and re-sell the Property, in which case the purchaser shall be liable for any deficiency, unless said failure refusal to close is the result of the failure of the Trustee/estate to have complied with the terms of this Motion and related Order.

37.     Current year real estate taxes will be prorated on a calendar year basis for the county and local taxes and on a fiscal year basis for the school district taxes.  Transfer taxes will be split equally amongst the parties.

38.     The proceeds of the sale of the Property shall be used as follows, to wit:

      a.    First, to the costs of sale, specifically including but not limited to payment of transfer taxes, costs of title search of Property, for advertising, printing, mailing and notice fees; Trustee's/the estate's counsel fees incurred in assisting in and negotiating the terms of the sale of the Property, in filing and drafting the sale motion, representing the estate at the hearing and obtaining an order authorizing the sale, deed preparation fees, and closing costs on the same (which fees shall be reserved for but not paid out until such fees are approved by the Court after Motion duly filed, notice and a hearing),  and other such closing costs as may be properly incurred to effect said closing;

      b.    Next, to lien holders in the order of priority of their liens as funds permit, with undisputed amounts due upon undisputed liens to be paid at closing and the amounts due upon disputed liens or upon disputed amounts to be retained in the estate account pending a determination by the Court of the parties' rights with respect thereto; and

      c.    The remaining funds shall be retained by the Trustee's counsel in an estate account pending further Order of Court as to the distribution of the same.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order of Court approving the sale described above, and further, he does authorize his undersigned counsel to file the within Motion on his behalf.

Respectfully submitted,

SPENCE, CUSTER, SAYLOR,
WOLFE & ROSE, LLC

By:  */s/ Kevin J. Petak,*
      James R. Walsh, Esquire
      Pa. ID. # 27901
      Kevin J. Petak, Esquire
      PA ID #92154
      George J. Bivens, Esquire
      PA ID # 324789
      1067 Menoher Boulevard
      Johnstown, PA 15905
      JWalsh@spencecuster.com

kpetak@spencecuster.com
*Counsel for Trustee/Movant*