IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ) | | Bankruptcy No.: 16-23901-GLT |
| ) | | |
| Maya Restaurants, Inc., ) | | Chapter 7 |
| ) | | |
|     Debtor. ) | | |
| ) | | |
| James R. Walsh, Esquire, Trustee of the ) | | Doc. ___ |
| Bankruptcy Estate of ) | | |
| Maya Restaurants, Inc., ) | | Related to Doc. No. 345 |
| ) | | |
|     Movant, ) | | Hearing Date and Time: |
| ) | | August 17, 2018 at 10:30 a.m. |
|     v. ) | | |
| ) | | |
| Maya Restaurants, Inc.; Festival Fun ) | | |
| Parks, LLC; County of Allegheny; ) | | |
| Pittsburgh Water & Sewer Authority; ) | | |
| City of Pittsburgh; School District of ) | | |
| Pittsburgh; McKeesport Area School ) | | |
| District; and City of McKeesport, ) | | |
| ) | | |
|     Respondents. ) | | |

**CREDITORS' OBJECTION TO JOINT MOTION FOR APPROVAL OF SETTLEMENT OF CLAIM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

AND NOW come the creditors, JIYA Construction, Inc. ("JIYA"), Bandhu Bros., Inc. ("BB"), and Sundararajan Margabandhu ("Margabandhu") (collectively the "Creditors"), by and through their undersigned counsel, McCann, Garland, Ridall & Burke and J. Michael Baggett, and Object to the Joint Motion for Approval of Settlement of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Joint Motion") as follows:

1. On July 17, 2018, this Honorable Court entered a Modified Order Confirming Sale of Property Free and Divested on Liens (Doc No. 348) ("Sale Approval Order") confirming

the sale of the real estate owned by the Debtor located at 623 Long Run Road, McKeesport, Pennsylvania 15132 (the "Subject Property") to Sivram Margabandhu for $100,500.00.

2. The Respondent, Festival Fun Parks, LLC ("FFP") has filed a Proof of Claim in which it asserted a secured claim in the amount of $67,598.52 supported by a Mortgage on the Subject Property.

3. The Joint Motion asserts that as of July 13, 2018, the amount due under the Mortgage inclusive of interest, attorney's fees and all other costs provided for in the underlying Note and Mortgage is $67,598.52.

4. The averments set forth in the Joint Motion assert that FFP has agreed to accept $61,996.74 or such remaining amount after payment in full of all costs of sale, current, and delinquent real estate taxes which prime FFP's Mortgage and all administrative claims associated with the instant bankruptcy proceeding as settlement in full satisfaction of its secured Mortgage claim.

5. Based upon the settlement proposed in the Joint Motion, the Debtor's estate will receive a benefit of $5,601.58 as a result of the settlement with FFP.

6. Debtor has an interest in Litigation now pending in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Nos. GD-16-000778 and GD-16-000821 consolidated at Case No. GD-16-000778 ("Litigation") (¶9 of the Joint Motion).

7. The Complaint filed by Debtor in the Litigation asserts claims for violations of the Real Estate Seller Disclosure Law, fraudulent misrepresentation and/or fraud in the inducement and seeks declaratory judgment excusing the Debtor from payment on the Mortgage which forms the basis of FFP's secured claim. A true and correct copy of the Complaint is attached hereto as Exhibit "1."

8. The Complaint seeks damages in the amount of $56,805.52 as the cost to repair the basement of the Subject Property, $61,848.74 to install a French drain system as well as $45,000.00 for exterior repair and landscaping upon completion of the French drain for a total of $163,654.26 (Exhibit "1" ¶12).

9. In addition, the Complaint requests damages in the amount of $35,000.00 per month for anticipated lost profit associated with Debtor's inability to utilize the Subject Property as a restaurant as anticipated when Debtor purchased the Subject Property. A true and correct copy of the Business Plan for the Subject Property is attached hereto as Exhibit "2."

10. To the extent that Debtor would utilize the Subject Property as an investment rather than an owner occupied business, the valuation opinion set forth in the Wilson Baum Real Estate Market Valuation Opinion dated June 16, 2014 projects Debtor's loss of net annual income to be $79,200.00 resulting in a projected loss of market value of $700,000.00. A copy of the Market Valuation Opinion is attached hereto as Exhibit "3."

11. The Complaint also requests the Court to declare that Debtor be relieved from the obligation to pay the remaining balance on the Mortgage which the Trustee and FFP agree is in the amount of $67,598.52.

12. The Trustee's Joint Motion proposes to compromise Debtor's claims against FFP which assert damages in the hundreds of thousands of dollars in return for debt forgiveness by FFP in the amount of $5,601.58.

13. JIYA, BB and Margabandhu are creditors of the Debtor. The amount being paid to purchase the Subject Property under the Sale Approval Order is sufficient to satisfy all secured and administrative claims in full. Thus amounts realized from any verdict or compromised settlement of the Litigation would inure to the benefit of these Creditors.

14. While the proofs of claims filed by these Creditors were disallowed as untimely, it does not follow that they are not creditors of the Debtor. A creditor is any "entity that has a claim against the debtor that arose at the time or before the order for relief concerning the debtor." 11 U.S.C. §101(10). A claim is defined as a right for payment, whether or not such a right is secured to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. §101.5.

15. The Bankruptcy Court in the case of *In re Thomas Aloca*, 496 B.R. 366 (Bkrtcy E.D. Pa 2013) stated that "[M]oreover bankruptcy courts have recognized that claims need not be allowed in order to establish a party as a creditor under §727(c)(1)." *Id*. at 379. The Court further found that while Bankruptcy Rule 3002(a) requires a proof of claim to be filed in order for the claim to be allowed for purposes of the claimant sharing in distribution in the estate, there is no suggestion in the statutes or in the rules that a claim ceases to exist if not supported by a timely proof of claim. *Id.* at 379.

16. The disallowance of a creditor's claim as untimely does not negate the claim itself but simply means the creditor may be unable to receive a distribution from the chapter 7 trustee under 11 U.S.C. §726. *Id.* at 378. "[A]n untimely claim can nonetheless receive distribution after all timely filed claims are paid." *In re TAM of Allegheny, LLC d/b/a Storefront Witch Way, Inc.*, 575 B.R. 131 (Bkrtcy W.D. Pa. 2017).

17. The Third Circuit has set forth a four prong criteria that should guide a bankruptcy court when deciding a motion to approve a settlement, namely; (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, the expense and inconvenience; and (iv) the paramount interest of creditors. *Marone v. Martin*, 91 F.3d 389 393 (3rd Cir. 1996).

18. In an effort to justify his position, the Trustee asserts that if the Litigation were to go to trial the best case scenario would result in a judgment of $65,000.00, attorney's fees and costs plus satisfaction of the Mortgage. The Complaint however seeks damages in the hundreds of thousands of dollars. The satisfaction of the Mortgage alone would benefit the estate in the amount of $61,996.74 which is the amount being proposed as a payment to FFP to satisfy the Mortgage. Damages claimed by the Debtor far exceed the projected recovery asserted by the Trustee in the Joint Motion.

19. The Trustee did not address the issue of the difficulty of collection of any judgment. Presumably, FFP does have insurance and may have additional assets which would be available for attachment in the event of a successful outcome.

20. The expense involved in pursuing the Litigation is not a factor. The Debtor retained counsel prepetition under a contingency fee arrangement and counsel is willing to continue the Litigation as agreed. The Trustee need not incur any expense associated with the Litigation. The Trustee could certainly abandon the Litigation and allow the Debtor to proceed.

21. With reference to the fourth criteria enunciated in *Martin*, it is certainly not in the paramount interest of the creditors to compromise the Litigation with potential damages in the hundreds of thousands of dollars for a $5,601.58 reduction of a secured claim.

22. The Trustee asserts that approval of the proposed settlement is in the best interests of the estate and its creditors. The only creditor that benefits from the proposed settlement is FFP, the defendant in the Litigation. FFP avoids potential exposure to a judgment in the hundreds of thousands of dollars in exchange for its 9% discount in the payment of the Mortgage amounting to less than $6,000.00.

23. The rationale for settlement of the Litigation as advanced by the Trustee simply does not satisfy the criteria established by the Third Circuit as a predicate for approving a settlement compromising the Litigation which is potentially the most valuable asset in Debtor's bankruptcy estate.

WHEREFORE, creditors JIYA Construction, Inc., Bandhu Bros., Inc., and Sundararajan Margabandhu respectfully request this Honorable Court to deny the Joint Motion.

McCANN, GARLAND, RIDALL & BURKE

By: /s/ *J. Michael Baggett*
J. MICHAEL BAGGETT, ESQUIRE
Pa. I.D. #: 30651

Suite 1030
11 Stanwix Street
Pittsburgh, PA 15222
Phone: (412) 566-1818
Facsimile: (412) 566-1817
E-Mail: baggettmj@aol.com
Attorney for Creditors JIYA Construction, Inc.
Bandhu Bros., Inc., and Sundararajan
Margabandhu

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Creditors' Objection to Joint Motion for Approval of Settlement of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9019 was served on all parties who requested notice via EM/ECF, this 30th day of July, 2018.

/s/ *J. Michael Baggett*
J. MICHAEL BAGGETT, ESQUIRE
